[No. 6628.]

## KNOLLIN ET AL. V. THE WESTERN LIVE STOCK COMMISSION COMPANY.

1. INSTRUCTIONS—*Not Based on the Evidence*—Instructions presenting a theory which there is no evidence to sustain are properly refused—(357, 358).

2. EVIDENCE—*Relevancy*—Plaintiffs, doing business in Denver, drew a draft upon another house of the same name, but different membership, in Kansas City, in favor of defendant, and the Kansas City house paid it. Plaintiff sued to recover the amount, claiming that it was a loan to defendant. Defendant resisted the action on the ground that, in drawing the draft, plaintiffs were acting as agents of the drawees. Evidence of the agency, and the ratification of the act was produced. *Held*, that, to sustain their contention it was proper to permit defendants to prove a custom that a representative should draw drafts on his principal—(358).

The evidence examined and *held* to justify a verdict for defendants—(357).

*Error to Denver District Court*—Hon. HARRY C. RIDDLE, Judge.

Messrs. MCKNIGHT & HENRY for plaintiffs in error.

Messrs. ALLEN & WEBSTER for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Plaintiffs in error, who were plaintiffs below, instituted this action. The complaint contends two counts. One in debt, and one for money loaned; both are intended to cover the same transaction. The answer was a general denial, including, originally, a cross-complaint and counter-claim setting forth, that the plaintiff Knollin was also interested in a Kansas City commission house, doing business under the same name as the plaintiffs in error; that by reason of negligence of the Kansas City firm, of which one of the plaintiffs

in error was not a party, a certain lot of sheep shipped them by the defendant was sold for less than their market value, etc. The defendant prayed judgment for damages. The cross-complaint or counter-claim was stricken out, leaving only the issues raised by the general denial. A trial by jury resulted in a verdict and judgment for the defendant; the plaintiffs bring the case here for review upon error.

There is but little conflict in the evidence, and when considered as a whole, we think it sustains the findings of the jury and the views of the trial court. It was established, without contradiction, that the plaintiffs were co-partners doing business at Denver, Colorado, under the firm name and style of The Knollin Sheep Commission Company; that the plaintiff, Knollin, was engaged in the same business at Kansas City with one Leitch, as co-partners under the same name; that the two firms co-operated together, to a certain extent, in a friendly way; that on or about October 16th, 1906, the defendant was shipping a large number of sheep to the Knollin Sheep Commission Company at Kansas City, at which time, through conversations and arrangements between them, the Denver firm made sight draft upon the Kansas City firm, payable and delivered to the order of the defendant, for $7,000, which placed it in its Denver bank, and through the regular course of exchange it was ultimately paid by the Kansas City firm. This draft was made and delivered upon account of this shipment of sheep. It appears when they were sold by the Kansas City house they brought, deducting expenses, about $720 less than the amount of this draft, and this action is brought by the Denver house to recover this amount with interest, without claiming any assignment or transfer by the Kansas City firm to it of this claim, claiming that the original draft for $7,000 was an advance or loan made by it to the defendant.

The defendant claims, and we think the evidence supports its contention, that in the execution of this draft the plaintiffs in error were acting as the representatives and agents of the Kansas City firm; that such relation existed between them, and that in this transaction it acted as agent for the Kansas City house, between which and the defendant the entire transaction took place. The defendant admits the receipt of the $7,000 paid by the Kansas City firm through the medium of this draft. It, likewise, claims a counter-claim against the Kansas City house, but denies any business relation in connection with this transaction between it and the Denver firm. As there is no contention made of any assignment of this account to the plaintiffs, we think defendant's position is correct. The assignments of error upon the theory that there was no competent evidence in favor of the defendant upon the issues thus formed, are not well taken. There is evidence to the fact that the Kansas City house ratified all the actions of the Denver house in this matter as being done for them, not only by paying the draft, but in their correspondence thereafter wherein, through their sales items, they charged it to the defendant, also by their written instructions to the Denver house to collect the deficit from the defendant and remit it to them. There is also evidence to the effect that after this transaction had taken place the manager of the Denver house, who had made this draft, stated to the manager of the defendant, that it was wholly a matter between the Kansis City house and the defendant, and not him. Under this view of the case, the refusal of the trial court to give the instructions covered by the plaintiffs' third, fourth, fifth, sixth and seventh assignments of error, which were based upon the presumption that there was no evidence in the case to establish agency, was correct.

Their complaint against the instructions of the court in submitting to the jury the question of whether

or not the Denver house was the agent of the Kansas City house, was not well taken. Counsel base their complaints upon the theory that there is no evidence in the record that the Denver house was in any sense an agent of the Kansas City house in this transaction. We do not agree with this construction, but approve the position of the trial court in this respect.

Complaint is also made to the admission of the testimony of custom and usage of representatives in drawing drafts on eastern houses. We find no error in this respect. There was evidence to show such agency, and, as we understand it, this evidence of custom was introduced for the purpose of showing that it was a common and ordinary thing for agents to draw sight drafts upon their principals, where live stock had been consigned to the principals, and as tending to disprove the contentions of the plaintiffs in error, that the facts, as presented, made of it a loan or advancement to the defendant by the plaintiffs in error, known as the Denver house.

Perceiving no prejudicial error, the judgment is affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER concur.